OPINION
{¶ 1} Plaintiff-appellant Rocky Hayner appeals the February 18, 2003 Judgment Entry of the Richland County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Maintenance Unlimited, and dismissed appellant's complaint.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On June 4, 2001, appellant filed a complaint for personal injury, naming appellee as defendant. Appellant alleged appellee's negligence in performing excavation work associated with the installation of a new gas for Columbia Gas, Inc., created a hole, five inches deep and sixteen inches in diameter, on appellant's property. As a result of appellee's negligence, appellant stepped into the hole as he walked across his yard and suffered a severe fracture of his right ankle. Appellee filed a timely answer, asserting affirmative defenses of contributory negligence and assumption of the risk.
 {¶ 3} On September 25, 2002, appellee filed a motion for summary judgment, asserting appellant's contributory negligence was greater than appellee's negligence as appellant had assumed the risk by traversing across a construction area, and any danger was open and obvious. Appellant filed a memorandum in opposition to appellee's motion for summary judgment. Via Judgment Entry filed February 18, 2003, the trial court found appellant's negligence "far outweighed" any negligence on the part of appellee, and granted appellee's motion for summary judgment.
 {¶ 4} The underlying facts are relatively undisputed. Columbia Gas, Inc. hired appellee as an independent contractor to perform gas line and gas meter upgrades at the residences of various Columbia Gas customers, which included residences in appellant's neighborhood. On or about June 7, 1999, appellee began work on appellant's property. Prior to starting the excavation work, appellant gave his permission to an employee of appellee to enter the property, replace the gas meter, and perform excavating work to upgrade the gas lines. Appellee commenced work on appellant's property, which continued into the following day. One of appellee's employees informed appellant appellee would restore his yard to its original condition when the job was finished. Appellee subsequently advised appellant's brother, who resided with appellant, the work was completed and gas service had been restored.
 {¶ 5} Sometime between dusk and 11:00 p.m. on the day the work was completed, appellant left his house to go to a neighbor's house across Spring Mill Road, which runs next to appellant's house. Although a sidewalk runs in front of appellant's house to Spring Mill, appellant cut across the front yard and around a fence to get to Spring Mill Road, a route he traversed many times. It was either dusk or dark, but the general area was illuminated by street lights. Appellant walked across his yard, looking at the ground and straight ahead. Appellant looked up as he approached the fence line, and while doing so, his foot slipped into a hole and he fell. As a result of his fall, appellant broke his ankle.
 {¶ 6} Appellant asserts the following assignments of error:
 {¶ 7} "I. The trial court erred in finding that plaintiff-appellant was negligent as a matter of law where, a material issue of fact exists as to whether plaintiff's actions were in anyway negligent.
 {¶ 8} "II. Even assuming arguendo that plaintiff-appellant was negligent; the trial court erred by impermissibly weighing negligence of plaintiff against the negligence of the defendant-appellees and concluding that the negligence of plaintiff outweighed that of the defendant.
 {¶ 9} "III. The trial court erred in granting summary judgment to defendant-appellee where material issues of fact exist as to the existence of negligence on the part of plaintiff-appellant and comparison of negligence attributable to plaintiff vs. defendant."
 STANDARD OF REVIEW {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 11} Civ.R. 56(C) states, in pertinent part:
 {¶ 12} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 13} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 14} It is based upon this standard we review appellant's assignments of error.
 I, II, III {¶ 15} Because appellant's assignments of error are interrelated, we shall address said assignments together.
 {¶ 16} The trial court herein concluded, "Reasonable minds could only find that [appellant's] negligence far outweighed any negligence on the part of [appellee]." February 18, 2003 Judgment Entry.
 {¶ 17} In Texler v. D.O. Summers Cleaners Shirt Laundry, Co.
(1998), 81 Ohio St.3d 677, the Ohio Supreme Court held, "the question of whether the contributory negligence of a plaintiff is the proximate cause of the injury is an issue for the jury to decide pursuant to the modern comparative negligence provisions of R.C. 2315.19(A)(1)".
 {¶ 18} Under the facts noted supra, we find the trial court should not have preempted the jury's duty to determine the comparative negligence, if any, of the parties. As such, we find the trial court's granting summary judgment in favor of appellee was erroneous.
 {¶ 19} Appellant's first, second, and third assignments of error are sustained.
 {¶ 20} The judgment of the Richland County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with law and this opinion.
Wise, J. and Boggins, J., concur.